IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

**PHUONG T. BUI,**

    **Plaintiff,**

v.       Case No. 2:17-cv-03991

**GARRISON PROPERTY and
CASUALTY INSURANCE COMPANY, a
Subsidiary of USAA CASUALTY
INSURANCE COMPANY; USAA
CASUALTY INSURANCE COMPANY; and
JOSEPH D. SCHLANGER,**

    **Defendants.**

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Garrison Property and Casualty Insurance Company ("Garrison"), USAA Casualty Insurance Company ("USAA CIC"), and Joseph D. Schlanger ("Schlanger") hereby removes this action, which is now pending in the Circuit Court of Kanawha County, West Virginia at Civil Action No. 17-C-1163, to the United States District Court for the Southern District of West Virginia. As will be shown below, this Court has original jurisdiction over this matter pursuant to diversity jurisdiction under 28 U.S.C. §1332(a). In support of removal, USAA CIC states as follows:

### I.   Venue

Plaintiff Phuong T. Bui ("Plaintiff") filed this action in the Circuit Court of Kanawha County, West Virginia, Civil Action No. 17-C-1163 on August 15, 2017.[1]  Removal is properly made to the United States District Court for the Southern District of West Virginia, under 28

---

[1] Defendants reserve the right to assert that the proper venue wherein this matter should have been filed was in the Circuit Court of Morgan County, West Virginia or in the United States District Court for the Northern District of West Virginia.

U.S.C. § 1441(a), because Kanawha County, where this action was filed, is within the Southern District of West Virginia. 28 U.S.C. § 129(a) (2011). Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with a Notice of Filing Notice of Removal is being sent to the opposing party and filed with the Clerk of the Circuit Court of Kanawha County, West Virginia. *See Exhibit 1*, *Notice of Notice of Removal.*

## II. Timeliness of Notice of Removal

This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), in that the Notice of Removal is being filed within thirty (30) days of the date on which all Defendants are purported to have received the Complaint. Plaintiff filed this lawsuit on August 15, 2017, and attempted to serve all three Defendants through the West Virginia Secretary of State on August 17, 2017. *See Exhibit 2*, *Complaint and Summons;* *Exhibit 3,* *WVSOS Service Records*. Defendants Garrison and USAA CIC actually received a copy of the Complaint on August 21, 2017. *Exhibit 3.* Further, Defendant USAA CIC actually received a copy of the Complaint directed toward Defendant Joseph D. Schlanger when the same was delivered to its offices in San Antonio, Texas on August 23, 2017. *Exhibit 3.*

As of this date, no defendant has filed a responsive pleading in the Circuit Court of Kanawha County, West Virginia. *Exhibit 4,* *Docket Sheet.* Thus, pursuant to the second paragraph of 28 U.S.C. §1446(b), this Notice of Removal is being filed within 30 days after receipt of service of process (as defined by Rule 6 of the Federal Rules of Civil Procedure), and less than 1 year after the commencement of the action. This Notice of Removal is therefore timely.

### III. Diversity of Citizenship

Complete diversity between the Plaintiff and all defendants exist. According to the Complaint, Plaintiff Phuong T. Bui is a resident of Milton, Massachusetts. *See Complaint at ¶ 1.* Defendant Garrison is a Texas insurance company with its principal place of business in San Antonio, Texas. *See Complaint at ¶ 2;* **Exhibit 5,** *print out of West Virginia Secretary of State on-line records for Garrison Property and Insurance Company.* Defendant USAA CIC is also a Texas insurance company with its principal place of business in San Antonio, Texas.[2] *See Complaint at ¶ 2;* **Exhibit 6,** *print out of West Virginia Secretary of State on-line records for USAA Casualty Insurance Company.* Defendant Schlanger is a natural person and resident of the State of Florida.[3]

As Plaintiff Phuong T. Bui and all defendants are citizens of different states, complete diversity exists between Plaintiff and all defendants in this matter, bringing this action within the original jurisdiction of the District Court. 28 U.S.C. § 1332(a) (2012).

### IV. Amount in Controversy

Title 28 U.S.C. § 1332(a) requires that the amount in controversy in diversity actions exceed $75,000.00, exclusive of interest and costs. Plaintiff's Complaint does not specify the amount of actual damages that Plaintiff seeks. However, for purposes of removal, the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) can be met.

The burden of establishing that an amount in controversy exceeds $75,000, exclusive of interests and costs, rests with the party seeking removal. *Durbin v. Dacar*, 2010 U.S. Dist. LEXIS 11685 (N.D. W. Va. 2009); citing *Mulcahey v. Columbia Organic Chems. Co. Inc.,* 29

---

[2] Defendant USAA CIC is improperly named as a Defendant in this matter and Defendant USAA CIC reserves the right to seek dismissal of the claims being brought against it through subsequent dispositive motion.
[3] If further verification of the residency of Defendant Joseph Schlanger is needed, the same will be provided when USAA CIC's Tampa office reopens.

F.3d 148, 151 (4th Cir. 1994). When the amount of damages a plaintiff seeks is unclear, for example, by failing to plead a specific dollar amount in the complaint, then the defendant must establish the jurisdictional amount by a preponderance of the evidence. *See Marshall v. Kimble*, 2011 U.S. Dist. LEXIS 1422, *6 (N.D.W. Va. Jan. 6, 2011); *Allman v. Chancellor Health Partners, Inc.*, 2009 U.S. Dist. LEXIS 57022, *3 (N.D.W. Va. Mar. 2, 2009). In order to meet the preponderance of the evidence standard and establish that removal is proper, "a defendant must show that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Heller v. TriEnergy, Inc.,* 2012 U.S. Dist. LEXIS 94003, *23-24 (N.D.W. Va. July 9, 2012) *quoting Landmark Corp. v. Apogee Coal Co.*, 945 F.Supp. 932, 935 (S.D.W.Va. 1996).

Although the defendant has the burden of proving the claim meets the jurisdictional amount, in circumstances in which no specific amount of damages is set forth in the complaint "the court may consider its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional amount." *Id*.; citing *Mullins v. Harry's Mobile Homes, Inc.*, 861 F.Supp. 22, 23 (S.D. W. Va. 1994). To determine the amount in controversy, "the court can look to evidence available at the time of removal to fill in the missing amount." *Id*.; citing *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424, 427 (7th Cir. 1997). "The starting point for ascertaining the amount in controversy is . . . the complaint itself." *Id*.; citing *Sayre v. Potts*, 32 F.Supp.2d 881, 887 (S.D. W. Va. 1999). Additionally, "the removing party can use the plaintiff's causes of action to show that the amount in controversy is more likely than not in excess of $75,000." *Durbin v. Dacar*, 2010 U.S. Dist. LEXIS 11685, *4.

Plaintiff Phuong T. Bui is the owner of a home located at 21 Linwood Drive, Hedgesville, Morgan County, West Virginia ("Insured Premises"). *Complaint, ¶ 1*. The property at issue was insured by Garrison Homeowners Policy 01188 16 92 91A ("the Policy").

4

*Complaint, ¶ 23.* Plaintiff alleges that "[o]n or about June 30, 2017, Plaintiff [] discovered that a water line inside the Insured Premises had ruptured, causing water to damage the Insured Premises." *Complaint, ¶ 7.* The Plaintiff's Complaint stems from Defendant Garrison's handling of the insurance claim that resulted from this water loss.

Defendants deny the allegations set forth in the Plaintiff's Complaint and deny that Plaintiff is entitled to any relief sought. However, an evaluation of Plaintiff's causes of action and alleged damages set forth in the Complaint proves by a preponderance of the evidence that the amount in controversy requirement has been met. In her Complaint, Plaintiff alleges that Defendant Garrison has breached its insurance contract with Plaintiff (*Count I*), and committed common law "bad faith"/breach of fiduciary duty (*Count II*). Plaintiff has alleged that all defendants have engaged in violations of the West Virginia Unfair Trade Practices Act (*Count III*) and has sought an award of punitive damages against all defendants (*Count IV*).

Plaintiff has sought recovery of "[c]ompensatory damages against Defendant Garrison for those sums due and owing to Plaintiff under the Policy." (*Complaint, Wherefore Clause ¶ a*). More specifically, Plaintiff alleges that Defendant Garrison was "obligated to pay for the cost to repair the Insured Premises in excess of the Plaintiff's deductible, or to pay Plaintiff[] the stated value of the Policy if the Insured Premises was determined to be a total loss, and to pay the replacement cost for Plaintiff's loss and damaged personal property." (*Complaint, ¶¶ 26*). Further, Plaintiff alleges that she has suffered "loss of use of the Insured Premises." (*Complaint, Wherefore Clause ¶ b*). Accordingly, Plaintiff's breach of contract claim has placed the following coverage limits under the Policy in controversy in this action: Dwelling Coverage in the amount of $116,000.00; Personal Property Coverage in the amount of $87,000.00; and Loss of Use Coverage (up to 12 months) in the amount of $23,200.00. As such, based on Plaintiff's

breach of contract claim alone, Defendants have established that the amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332.

However, in addition to the purely contractual damages being sought, Plaintiff also seeks an award of extra-contractual damages in the form of "consequential damages" arising from Defendant Garrison's breach of the insurance policy including "Plaintiff's damages for net economic loss….and the attorney fees and expenses incurred by the Plaintiff in pursuing this action." (*Complaint, Wherefore Clause ¶ b*). Plaintiff also seeks "compensatory damages" for Defendant Garrison's bad faith and fiduciary duty to Plaintiff and as a result of all of the defendants' alleged violations of the Unfair Trade Practices Act. (*Complaint, Wherefore Clause ¶¶ c, d*). These compensatory damages" include, "economic and non-economic damages…..annoyance, inconvenience, aggravation and emotional distress." (*Complaint, ¶¶ 38, 51*).

Lastly, Plaintiff seeks an award of punitive damages against all Defendants in an amount "to be determined by the Jury" and an "award of attorney fees." (*Complaint, Wherefore Clause ¶¶ e and f*). West Virginia Code §55-7-29(c), passed on March 10, 2015, states that the amount of punitive damages "that may be awarded in a civil action may not exceed the greater of four times the amount of compensatory damages or $500,000.00, whichever is greater." As such, this Court must consider "any punitive damages which may be awarded" in evaluating the amount in controversy requirement. *Allman v. Chancellor Health Partners, Inc.*, 2009 U.S. Dist. LEXIS 57022, *5 (N.D. W. Va. March 2, 2009). Indeed, the inclusion of a claim for punitive damages is typically sufficient by itself for the amount in controversy to be met, as it "inevitably inflates a plaintiff's potential for recovery." *Bryant v. Wal-Mart*, 117 F. Supp. 2d 555, 556 (S.D. W. Va. 2000.)

Based on the foregoing, Defendants have established that the "amount in controversy" in this matter is likely well in excess of the $75,000.00 required of diversity jurisdiction, meeting the minimum amount to request removal under 28 U.S.C. § 1332.

### V.     Conclusion

This Court possesses original jurisdiction over this Civil Action pursuant to 28 U.S.C. § 1332(a) based upon the complete diversity of citizenship between the parties and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.  Accordingly, removal of this matter is proper pursuant to 28 U.S.C. § 1441(a).  True and correct copies of this Notice of Removal with accompanying exhibits, the same including the entirety of the Circuit Court's record, are being served on counsel and filed with the Circuit Clerk of Kanawha County, West Virginia:

- **Exhibit 1**, *Notice of Filing Notice of Removal*;
- **Exhibit 2**, *Complaint and Summons*;
- **Exhibit 3,** *WVSOS Service Records*;
- **Exhibit 4,** *Docket Sheet for 17-C-1163;*
- **Exhibit 5,** *print out of West Virginia Secretary of State on-line records for Garrison Property and Insurance Company.*
- **Exhibit 6,** *print out of West Virginia Secretary of State on-line records for USAA Casualty Insurance Company.*

WHEREFORE, by this Notice of Removal, Defendants Garrison, USAA CIC, and Schlanger hereby remove this action from the Circuit Court of Kanawha County, West Virginia, and requests that this action proceed as properly removed to this Court.

Dated this 15th day of September, 2017.

                                          **DEFENDANTS**
                                          **By Counsel,**

                                          /s/ Denise D. Pentino
                                        Denise D. Pentino (W. Va. Bar No. 6620)
                                        Christopher J. Prezioso (W. Va. Bar No. 9384)
                                        **Dinsmore & Shohl, LLP**
                                        2100 Market Street
                                        Wheeling, WV 26003
                                        (304) 230-1700
                                        (304) 230-1610 (facsimile)
                                        denise.pentino@dinsmore.com
                                        christopher.prezioso@dinsmore.com

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

**PHUONG T. BUI,**

    **Plaintiff,**

v.                                         Case No. 2:17-cv-03991

**GARRISON PROPERTY and
CASUALTY INSURANCE COMPANY, a
Subsidiary of USAA CASUALTY
INSURANCE COMPANY; USAA
CASUALTY INSURANCE COMPANY; and
JOSEPH D. SCHLANGER,**

    **Defendants.**

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing *Notice of Removal* upon all parties to this matter by depositing a true copy of same in the U.S. Mail, and through this Court's CM/ECF filing system:

> Brent K. Kesner, Esq.
> 112 Capitol Street
> P.O. Box 2587
> Charleston, WV 25329

This 15th day of September, 2017.

                                                DINSMORE & SHOHL LLP

                                                By: /s/ Denise D. Pentino
                                                Denise D. Pentino (W. Va. Bar No. 6620)
                                                Christopher J. Prezioso (W. Va. Bar No. 9384)