## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES
(Other than Domestic Relations)

*FILED*

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA
*AUG 15 P 3 28*

*KANAWHA S. RATSON, CLERK*
*KANAWHA COUNTY CIRCUIT COURT*

I.    CASE STYLE:

**Plaintiff(s)**                                Case#  17-C-1163

PHUONG T. BUI

                                               Judge:  Tabit

vs.

| Defendant(s) | Days to Answer | Type of Service |
|---|---|---|
| GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY c/o Corporation Service Company 209 West Washington Street Charleston, WV 25301 | 30 | Secretary of State |
| USAA CASUALTY INSURANCE COMPANY c/o Corporation Service Company 209 West Washington Street Charleston, WV 25301 | 30 | Secretary of State |
| JOSEPH SCHLANGER Property-TFL Unit 6 Garrison Property and Casualty Insurance Company 9800 Fredericksburg Road San Antonio, TX 78288 | 30 | Secretary of State |

**ORIGINAL & ___ COPIES OF COMPLAINT ENCLOSED/ATTACHED**

31154/70

PYMT Type K&V
Rcpt #553703/553704  $200 ✓ $135 ___
Iss. Sum. + 6acc      ___No Sum. Iss
✓Rct. to Atty.       __$20cm X __
__Mailed CM/RM    __$5 clk X __
__Mailed to sos w/ck#_____
__Sent to _____ w/ck# _____  ✓$15 mdf X 3

**EXHIBIT 2**

## CIVIL CASE INFORMATION STATEMENT
### CIVIL CASES
(Other than Domestic Relations)
## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

| | |
|---|---|
| **PLAINTIFF:** PHUONG T. BUI<br>**DEFENDANTS:** GARRISON PROPERTY and CASUALTY INSURANCE COMPANY, a subsidiary of USAA CASUALTY INSURANCE COMPANY; USAA CASUALTY INSURANCE COMPANY; and JOSEPH SCHLANGER | **CASE NUMBER:** |

**II.    TYPE OF CASE:**

| | | | |
|---|---|---|---|
| ☒ | General Civil | ☐ | Adoption |
| ☐ | Mass Litigation | ☐ | Administrative Agency Appeal |
| | (As defined in T.C.R. Rule XIX (c)) | ☐ | Civil Appeal from Magistrate Court |
| | ☐ Asbestos | ☐ | Miscellaneous Civil Petition |
| | ☐ Carpal Tunnel Syndrome | | |
| | ☐ Diet Drugs | ☐ | Mental Hygiene |
| | ☐ Environmental | ☐ | Guardianship |
| | ☐ Industrial Hearing Loss | | |
| | ☐ Silicon Implants | ☐ | Medical Malpractice |
| | ☐ Other: _____ | | |
| ☐ | Habeas Corpus/Other Extraordinary Writ | | |
| ☐ | Other | | |

**III.    JURY DEMAND:**    ☒ YES    ☐ NO

CASE WILL BE READY FOR TRIAL BY (month/year):    *June, 2018*

**IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO DISABILITY?**    ☐ YES    ☒ NO

IF YES, PLEASE SPECIFY:
☐ Wheelchair accessible hearing room and other facilities
☐ Interpreter or other auxiliary aid for the hearing impaired
☐ Reader or other auxiliary aid for the visually impaired
☐ Spokesperson or other auxiliary aid for the speech impaired
☐ Other:

| | |
|---|---|
| **Attorney Name:** Brent K. Kesner (WVSB #2022) | ***Representing:*** |
| **Firm:** Kesner & Kesner, PLLC | ■ Plaintiff          ☐ Defendant |
| **Address:** P.O. Box 2587<br>Charleston, WV 25329 | ☐ Cross-Complainant    ☐ Cross-Defendant |
| **Telephone:** (304) 345-5200 | |
| **Dated:** August 15, 2017 | *Signature* |

31154/70

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA FILED

PHUONG T. BUI,

2017 AUG 15 P 3: 29

CATHY S. GATSON

    Plaintiff,

v.

Civil Action No. 17-C-1163
Honorable Tabit

GARRISON PROPERTY and
CASUALTY INSURANCE COMPANY, a
subsidiary of USAA CASUALTY
INSURANCE COMPANY; USAA
CASUALTY INSURANCE COMPANY;
and JOSEPH D. SCHLANGER,

    Defendants.

## COMPLAINT

COMES NOW the Plaintiff Phuong T. Bui, who for her Complaint against Defendants Garrison Property and Casualty Insurance Company ("Garrison"), USAA Casualty Insurance Company ("USAA"), and Joseph D. Schlanger ("Schlanger") states as follows:

### Parties

1.    Plaintiff Phuong T. Bui is a resident of Milton, Massachusetts, and at all times relevant hereto has been the owner of premises located at 21 Linwood Drive, Hedgesville, Morgan County, West Virginia (hereinafter the "Insured Premises"),

2.    Defendant Garrison, a subsidiary of USAA, and Defendant USAA (collectively "Insurer Defendants") are Texas corporations, licensed to do business and actually doing business in West Virginia, including Kanawha County, West Virginia.

3.    At all times relevant to this action, Defendant Garrison maintained a

31154/49

homeowners insurance policy covering the Insured Premises.

4.     Upon information and belief, at all times relevant to this action, Defendant Schlanger was an employee and representative of Defendant USAA who was assigned, as well, to handle claims for Defendant Garrison, and who was assigned to handle the Plaintiff's claims related to damage to the Insured Premises and to Plaintiff's personal property.

5.     Pursuant to *W. Va. Code § 56-1-1(a)(1)*, jurisdiction and venue are proper because Insurer Defendants are licensed to do business, and are actively engaged in business in Kanawha County, West Virginia.

6.     At all time relevant hereto, each of the Defendants were engaged in the business of insurance, as defined in the West Virginia Unfair Trade Practices Act, *W. Va. Code § 33-11-2,* et seq.

### Factual Background

7.     On or about June 30, 2017, Plaintiff Phuong T. Bui discovered that a water line inside the Insured Premises had ruptured, causing water to damage to the Insured Premises.

8.     On July 1, 2017, Plaintiff Phuong T. Bui contacted the Insurer Defendants to report the loss, but she was advised by the Insurer Defendants that no representative of the Insurer Defendants would inspect the Insured Premises to assess the damage.

9.     Instead, on July 1, 2017, Plaintiff Phuong T. Bui was instructed by the Insurer Defendants to send photographs only to the Insurer Defendants.

10.    On July 1, 2017, Plaintiff Phuong T. Bui was not given any instruction

2

regarding who she should contact for remediation or how to mitigate against additional damage at the Insured Premises.

11.     On July 2, 2017, Plaintiff Phuong T. Bui sent ten photographs to the Insurer Defendants, which were taken prior to remediation, and which depicted the water damage at the Insured Premises.  Plaintiff Phuong T. Bui received no response from the Insurer Defendants.

12.     On July 2, 2017, VA Building Services arrived at the Insured Premises to began remediation at the Insured Premises at the Plaintiff's request.

13.     On July 6, 2017, having heard nothing from the Insurer Defendants after several contacts, Plaintiff Phuong T. Bui again called the Insurer Defendants and spoke to a different adjuster for the Insurer Defendants.

14.     The different adjuster for Insurer Defendants looked at the ten photographs previously provided by Plaintiff to the Insurer Defendants and assured Plaintiff that the water damage at the Insured Premises would be covered.

15.     The second adjuster for Insurer Defendants advised Plaintiff to send in photographs of the remediation work being performed, and Plaintiff complied on July 6, 2017, by providing twenty additional photographs showing the remediation work.

16.     On July 10, 2017, having still not received a response from Defendant Schlanger, the assigned adjuster for Insurer Defendants, Plaintiff called the Insurer Defendants and spoke to yet another of the Insurer Defendants' adjusters, who also looked at the ten original photographs showing the damage at the Insured Premises, and who again assured Plaintiff that the water damage was covered and requested that Plaintiff

31154/49                                    3

send a repair estimate.

17.    On July 14, 2017, Plaintiff sent the requested repair estimate to the Insurer Defendants.

18.    On July 19, 2017, having heard nothing from the Insurer Defendants, Plaintiff called and spoke to yet a third different adjuster with the Insurer Defendants, who indicated there was a note in the file indicating that Plaintiff's claim was being denied because it looked like the damage at the Insured Premises was more than fourteen days old.

19.    On July 19, 2017, Defendant Schlanger, the assigned adjuster for the Insurer Defendants, finally called Plaintiff and left a message indicating that Plaintiffs' claim for the water damage at the Insured Premises was being denied.

20.    On July 19, 2017, Plaintiff promptly called back Defendant Schlanger, the assigned adjuster with the Insurer Defendants, but he did not return her call at any time.

21.    As a direct and proximate result of the water line rupture which occurred on or about June 30, 2017 at the Insured Premises, the Insured Premises sustained severe damage.

22.    The estimated cost of repairing the Insured Premises due to the water line rupture exceeds $32,000.

23.    At all times relevant herein, the Insured Premises was insured under an insurance policy issued by Defendant Garrison, identified as Policy No. GAR 01188 16 92 91A (hereafter the "Policy").

24.    Plaintiff paid all premiums due to Defendant Garrison and otherwise complied with all of the terms and conditions of the Policy.

31154/49

4

25.    Following the subject water line rupture, Plaintiff submitted a timely claim for insurance benefits under the Policy in connection with the cost of repairing and/or replacing the damage to the Insured Premises and the loss to Plaintiff's personal property.

26.    Pursuant to the terms of the Policy, Defendant Garrison was obligated to pay for the cost to repair the Insured Premises in excess of the Plaintiff's deductible, or to pay Plaintiffs the stated value of the Policy if the Insured Premises was determined to be a total loss, and to pay the replacement cost for Plaintiff's loss and damaged personal property.

27.    After being notified of the subject water line rupture, the Defendants failed and refused to inspect the Insured Premises to determine causation and to assess and evaluate the loss and damage to the Insured Premises and Plaintiff's personal property.

28.    Instead, by letter dated July 20, 2017, the Defendants denied the Plaintiff's claim.

## Count I - Breach of Contract
### Defendant Garrison

29.    Plaintiff hereby restates and re-alleges each and every allegation contained within Paragraphs 1 through 28 of her Complaint, as though the same were fully incorporated as part of Count I of this Complaint.

30.    Defendant Garrison breached its duties and obligations under the Plaintiff's Policy when it failed and refused to inspect the Insured Premises, and when it failed and refused to assess and adjust Plaintiff's claim for loss and damage to the Insured Premises and to Plaintiff's personal property.

31.    Defendant Garrison had at all relevant times the contractual duty to property and adequately investigate, inspect, evaluate, estimate, assess and adjust the loss and

31154/49                                                        5

damage to the Insured Premises and to Plaintiff's personal property resulting from the subject water line rupture.

32. Defendant Garrison breached its contractual duty owed to Plaintiff and, as a direct and proximate result of such breaches, caused Plaintiff to suffer damages and losses.

33. Defendant Garrison's refusal to pay Plaintiff for the loss and damage sustained at the Insured Premises and to Plaintiff's personal property as a result of the water leak constitutes a material breach of the terms and conditions of the Policy and Defendant Garrison's contractual duties to Plaintiff.

34. As a direct and proximate result of Defendant Garrison's breach of its duties under the Policy, Plaintiff has been caused to sustain damages, including loss of the insurance proceeds to which she is entitled, the cost of repairing and replacing the loss and damage to the Insured Premises and to Plaintiff's personal property,, pre-judgment interest, attorney's fees and litigation expenses associated with pursuing this civil action, and the other economic and non-economic damages proximately resulting from Defendant Garrison's breach of contract.

### Count II - Common-Law "Bad Faith"/Breach of Fiduciary Duty
### Defendant Garrison

35. Plaintiff hereby restates and re-alleges each and every allegation contained within Paragraphs 1 through 34 of this Complaint, as though the same were fully incorporated as part of Count II of this Complaint.

36. Through the actions described herein and its refusal to pay Plaintiff for the loss and damage she sustained as a result of the subject water line rupture, Defendant

31154/49                                6

Garrison breached its common-law duty of good faith and fair dealing to Plaintiff, such that its conduct constitutes "common-law bad faith."

37.    Through its actions and its refusal to pay Plaintiff for the damages she sustained as a result of the subject water line rupture, Defendant Garrison breached its fiduciary duty by denying benefits to the Plaintiff in the following particulars:

    a)    By failing to conduct an adequate, timely and thorough investigation to determine the policy benefits due and owing to Plaintiff in connection with the loss to the Insured Premises and Plaintiff's personal property;

    b)    By refusing to pay applicable policy benefits without a factual or legal basis;

    c)    By failing to provide first-party assistance to Plaintiff, its insured; and

    d)    By favoring its own interests over the interests of the Plaintiff, its insured.

38.    As a direct and proximate result of Defendant Garrison's "bad faith" and its breach of its fiduciary duties and  common law duty of good faith and fair dealing, Plaintiff is entitled to recover from Defendant Garrison her economic and non-economic damages, including the attorney fees and the costs incurred as a result of Defendant Garrison's conduct.

## Count III - Unfair Trade Practices
## Defendants Garrison, USAA and Schlanger

39.    Plaintiff hereby restates and re-alleges each and every allegation contained within Paragraphs 1 through 38 of her Complaint, as though the same were fully incorporated as part of Count III of this Complaint.

40.    Defendants had adequate notice of the claims of the Plaintiff and had

31154/49

adequate time to investigate any insurance coverage issues and were not in any way prejudiced by the timeliness or lack of timeliness of notification of Plaintiff's claims.

41.    At all times relevant herein, Defendants delayed payment of the claims of the Plaintiff, and failed to conduct a prompt and reasonable investigation based upon all available information, thereby violating applicable consumer protection statutes and regulations, including *W. Va. Code § 33-11-4(9)(d)*.

42.    At all times relevant herein, the Insurer Defendants failed to adopt and/or implement reasonable standards for the prompt investigation of the claims of the Plaintiff which constitutes a direct violation of applicable consumer protection statutes and regulations, including *W. Va. Code § 33-11-4(9)(c)*.

43.    At all times relevant herein, Defendants refused to acknowledge and act reasonably promptly upon communications with respect to the claims of Plaintiff, thereby violating applicable consumer protection statutes and regulations, including *W. Va. Code § 33-11-4(9)(b)*.

44.    At all times relevant herein, Defendants refused to effectuate a prompt, fair and equitable settlement of the claims of the Plaintiff, despite the fact that Defendant Garrison's liability was reasonably clear, thereby violating applicable consumer protection statutes and regulations, including *W. Va. Code § 33-11-4(9)(f)*.

45.    At all times relevant herein, Defendants misrepresented pertinent facts concerning the insurance claim of Plaintiff, thereby violating applicable consumer protection statutes and regulations, including *W. Va. Code § 33-11-4(9)(a)*.

46.    In particular, Defendants refused to pay Plaintiff for the loss and damage at

31154/49                                8

the Insured Premises and to Plaintiff's personal property, even though there is no basis in Defendant Garrison's Policy for such refusal.

47.     Defendants have compelled Plaintiff to retain counsel and to institute litigation in order to recover amounts due under the Policy, thereby violating applicable consumer protection statutes and regulations, including *W. Va. Code § 33-11-4(9)(g)*.

48.     Defendants failed to promptly provide reasonable assistance and instructions to Plaintiff, so that she could comply with the Defendant Garrison's applicable policy conditions and requirements, thereby violating applicable consumer protection statutes and regulations, including *W. Va. Code of State Reg. (C.S.R.) § 114-14-5.4*.

49.     Defendants failed to promptly conduct and diligently pursue a thorough, fair and objective investigation of the Plaintiff's claims, and unreasonably delayed the resolution of the Plaintiff's claims, thereby violating applicable consumer protection statutes and regulations, including *W. Va. Code of State Reg. (C.S.R.) § 114-14-6.1*.

50.     Defendants' conduct, as described herein above, is part of a general business practice and constitutes unfair claims settlement practices under applicable consumer protection statutes and regulations.

51.     As a direct and proximate result of Defendants' violations of applicable consumer protection statutes, Plaintiff has suffered annoyance, inconvenience, aggravation and emotional distress, and has been forced to incur attorney's fees and costs associated with pursuing her claims and instituting the present action in order to recover the insurance proceeds owed by Defendant Garrison.

52     This Court has jurisdiction over this action against Defendants for their

violation of West Virginia's consumer protection statutes and regulations, and Plaintiff is entitled to an award of damages for her legal fees and costs, net economic losses and other damages pursuant to said cause of action.

### Count IV - Punitive Damages
### Defendants Garrison, USAA and Schlanger

53.     Plaintiff hereby restates and re-alleges each and every allegation contained within Paragraph 1 through 52 of her Complaint, as though the same were fully incorporated as part of Count IV of this Complaint.

54.     From Defendants' receipt of the initial notification of the Plaintiff's claims, Defendants have acted willfully, intentionally and maliciously, predetermined to delay and deny payment of the benefits due and owing to Plaintiff under the Policy.

55.     At all times relevant herein, Defendants have acted with deliberate and malicious intent, in violation of Defendant Garrison's duties under the Policy, and Defendants' duties under the Unfair Trade Practices Act, as described hereinabove, all of which has proximately caused continuing economic and non-economic damages to Plaintiff, and all of which warrants and commands an award of punitive damages against Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a)     Compensatory damages against Defendant Garrison for those sums due and owing to Plaintiff under the Policy;

b)     Compensatory damages against Defendant Garrison for the consequential damages arising from Defendant Garrison's breach of the Policy, including Plaintiff's damages for net economic loss, loss of use of the Insured Premises, and the attorney fees and expenses incurred by the Plaintiff in pursuing this action;

31154/49

10

c)   Compensatory damages against Defendant Garrison for those damages arising from Defendant Garrison's bad faith and breach of its fiduciary duty to Plaintiff;

d)   Compensatory damages against Defendants Garrison, USAA and Schlanger for those damages arising from, and related to the Defendants' business practice of violating the Unfair Trade Practices Act;

e)   Punitive damages against Defendants Garrison, USAA and Schlanger in an amount to be determined by the Jury; and

f)   An award of pre-judgment and post-judgment interest, costs and recoverable attorney fees;

g)   Such additional sums as the Court and/or the Jury deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**PHUONG T. BUI**

**By counsel,**

Brent K. Kesner (WVSB #2022)
Ernest G. Hentschel, II (WVSB #6066)
**Kesner & Kesner, PLLC**
112 Capitol Street
P. O. Box 2587
Charleston, WV   25329
*Phone:* (304) 345-5200
*Fax:*  (304) 345-5265

31154/49                                    11

## SUMMONS

### IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

PHUONG T. BUI,

    Plaintiff,

v.

GARRISON PROPERTY and CASUALTY
INSURANCE COMPANY, a subsidiary of
USAA CASUALTY INSURANCE COMPANY;
USAA CASUALTY INSURANCE COMPANY,
and JOSEPH SCHLANGER

    Defendants.

2017 AUG 21  PM 2: 40

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

Civil Action No. 17-C-1163

Honorable _____

To:    GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY

    c/o Corporation Service Company
    209 West Washington Street
    Charleston, WV, 25302

TO THE ABOVE-NAMED DEFENDANT:

    IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and
required to serve upon Plaintiff's attorney, Brent K. Kesner, whose address is Kesner & Kesner,
PLLC, P.O. Box 2587, Charleston, West Virginia, 25329, an Answer, including any related
Counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a
true copy of which is herewith delivered to you. You are required to serve your answer within **(30)**
thirty days after service of this Summons upon you, exclusive of the day of service. If you fail to
do so, judgment by default will be taken against you for the relief demanded in the Complaint, and
you will be thereafter barred from asserting in another action any claim you may have which must
be asserted by Counterclaim in the above-styled civil action.

    In addition, you are required to respond to Plaintiffs' First Set of Interrogatories, Requests
for Production of Documents an Requests for Admissions, served herein upon you, within **forty-
five (45)** days after service of this Summons upon you.

Dated: 8·16·17 _____    _____ Cathy S. Gatson, Clerk
                                                            Clerk of Court

31154/55

**RETURN**

FILED

**STATE OF WEST VIRGINIA**

2017 AUG 21  PM 2: 40

**COUNTY OF KANAWHA, to-wit:**

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

I ___Mike McClow___ , a credible person over the age of

twenty-one, being duly sworn, on his/her oath says that he/she executed the within Summons,

Complaint and Plaintiffs' First Set of Interrogatories, Requests for Production of Documents and

Requests for Admissions upon _WV Secretary of State_ , by delivering an exact and true copy

thereof on the _17th_ day of August, 2017.

Taken, subscribed and sworn to before me this _17_ day of August, 2017.

Given under my hand and Seal.

My Commission Expires: ___December 22, 2019___

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Deborah Crouch
Kesner & Kesner, PLLC
112 Capitol Street
Charleston, WV 25301
My Commission Expires Dec. 22, 2019

_____
NOTARY PUBLIC

31154/55

## SUMMONS

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

PHUONG T. BUI,

Plaintiff,

v.

GARRISON PROPERTY and CASUALTY
INSURANCE COMPANY, a subsidiary of USAA
CASUALTY INSURANCE COMPANY; USAA
CASUALTY INSURANCE COMPANY; and
JOSEPH SCHLANGER,

Defendants.

2017 AUG 21 PM 2: 40

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

Civil Action No. 17-C-1163
Honorable Tabit

To: Joseph Schlanger                         (Secretary of State)
Property-TFL Unit 6
Garrison Property and Casualty Insurance Company
9800 Fredericksburg Road
San Antonio, TX 78288

TO THE ABOVE-NAMED DEFENDANT:

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and

required to serve upon Plaintiff's attorney, Brent K. Kesner, whose address is Kesner & Kesner,

PLLC, P.O. Box 2587, Charleston, West Virginia, 25329, an Answer, including any related

Counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a

true copy of which is herewith delivered to you. You are required to serve your answer within (30)

thirty days after service of this Summons upon you, exclusive of the day of service. If you fail to

do so, judgment by default will be taken against you for the relief demanded in the Complaint, and

you will be thereafter barred from asserting in another action any claim you may have which must

be asserted by Counterclaim in the above-styled civil action.

In addition, you are required to respond to Plaintiffs' First Set of Interrogatories, Requests

for Production of Documents an Requests for Admissions, served herein upon you, within **forty-**

**five (45)** days after service of this Summons upon you.

Dated: 8|15|17

**Cathy S. Gatson, Clerk**
Clerk of Court  ByKR

31154/71

**RETURN**

FILED

STATE OF WEST VIRGINIA

COUNTY OF KANAWHA, to-wit:

2017 AUG 21 PM 2: 41

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

I ___Mike McCloud___ , a credible person over the age of

twenty-one, being duly sworn, on his/her oath says that he/she executed the within Summons,

Complaint and Plaintiffs' First Set of Interrogatories, Requests for Production of Documents and

Requests for Admissions upon WV Secretary of State, by delivering an exact and true copy

thereof on the 17th day of August, 2017.

_____
Affiant

Taken, subscribed and sworn to before me this 17 day of August, 2017

Given under my hand and Seal.

My Commission Expires: December 22, 2019

_____
NOTARY PUBLIC

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Deborah Crouch
Keener & Keener, PLLC
112 Capitol Street
Charleston, WV 25301
My Commission Expires Dec. 22, 2019

31154/71

**SUMMONS**

FILED

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

PHUONG T. BUI,

2017 AUG 21  PM 2: 40

Plaintiff,

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

v.

Civil Action No. 17-C-1163
Honorable _____ Tabit

GARRISON PROPERTY and CASUALTY
INSURANCE COMPANY, a subsidiary of USAA
CASUALTY INSURANCE COMPANY; USAA
CASUALTY INSURANCE COMPANY; and
JOSEPH SCHLANGER,

Defendants.

To:  USAA Casualty Insurance Company
c/o Corporation Service Company
209 West Washington Street
Charleston, WV, 25302

TO THE ABOVE-NAMED DEFENDANT:

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Plaintiff's attorney, Brent K. Kesner, whose address is Kesner & Kesner, PLLC, P.O. Box 2587, Charleston, West Virginia, 25329, an Answer, including any related Counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **(30)** thirty days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint, and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by Counterclaim in the above-styled civil action.

In addition, you are required to respond to Plaintiffs' First Set of Interrogatories, Requests for Production of Documents an Requests for Admissions, served herein upon you, within **forty-five (45)** days after service of this Summons upon you.

Dated  8|15|17

Cathy S. Gatson, Clerk
Clerk of Court
By KR

13-14

31154/53

**RETURN**

FILED

**STATE OF WEST VIRGINIA**

**COUNTY OF KANAWHA, to-wit:**

2017 AUG 21 PH 2: 40

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

I ___Mike McCloud_____, a credible person over the age of

twenty-one, being duly sworn, on his/her oath says that he/she executed the within  Summons,

Complaint and Plaintiffs' First Set of Interrogatories, Requests for Production of Documents and

Requests for Admissions upon WV Secretary of State, by delivering an exact and true copy

thereof on the 17th day of August, 2017

_____
Affiant

Taken, subscribed and sworn to before me this 17 day of August, 2017.

Given under my hand and Seal.

My Commission Expires: ___December 22, 2019_____

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Deborah Crouch
Kesner & Kesner, PLLC
112 Capitol Street
Charleston, WV 25301
My Commission Expires: Dec. 22, 2019

_____
NOTARY PUBLIC

31154/53